# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**VINCENT L. SCOTT,**

    **Plaintiff,**

vs.                                                  Case No. 4:20cv574-MW-MAF

**RICK KEARNEY,**
**and BRET OGLESBY,**

    **Defendants.**

_____/

## **ORDER AND REPORT AND RECOMMENDATION**

Proceeding pro se, Plaintiff has filed a motion for leave to proceed in forma pauperis, ECF No. 2, and a civil rights complaint, ECF No. 1. It appears that Plaintiff is homeless[1] and has no income. Good cause being shown, the in forma pauperis motion is granted and Plaintiff is not required to pay the filing fee for this case.

Plaintiff's complaint has also been reviewed, ECF No. 1, along with the in forma pauperis motion which demonstrates that he had been

---

[1]Although the in forma pauperis motion indicates Plaintiff is homeless, ECF No. 2 at 1, Plaintiff provided an address in the complaint. ECF No. 1 at 2. Because it appears that the address provided is for a church, the Court is uncertain whether Plaintiff will receive this Order and Report and Recommendation.

provided a "windows tablet" to use while attending school (online) at Independence University.  ECF No. 2 at 1.  Plaintiff indicates that at an unspecified time, his "tablet was stolen by staff" at the Kearney Center.  *Id.*  Plaintiff seeks the replacement of his tablet.  *Id.*

Although that information was provided in the in forma pauperis motion, ECF No. 2, Plaintiff's complaint alleges facts only pertaining to the two named Defendants: Rick Kearney, chairman of the Kearney Center, and Bret Oglesby, director of the Kearney Center.  *Id.* at 3.  Plaintiff sues both Defendants in their official capacity only, claiming that the Defendants acted negligently in failing to train employees not "to steal U.S. Postal Mail."  *Id.* at 4-5.  Plaintiff asserts three claims in this action: (1) stealing U.S. mail in violation of 18 U.S.C. § 1708; (2) obstruction of U.S. mail in violation of 18 U.S.C. § 1701; and (3) taking U.S. mail from a mailbox not belonging to him in violation of 18 U.S.C. § 1702.  ECF No. 1 at 6.

There are several deficiencies that prevent this case from moving forward.  First, Plaintiff has not named any person as a Defendant who is properly considered to be a "state actor."  To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity

protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985).  To present a viable § 1983 claim, Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff has not met either requirement.  Plaintiff has not shown the deprivation of any right, nor has Plaintiff shown that any Defendant took action "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970)); see Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  These Defendants are private persons who work with a private business entity - the Kearney Center.  Judicial notice is taken that the Kearney Center is a private 501(c)(3) non-profit organization.  As Plaintiff alleged that the

Defendants are the chairman and director of the Center, they cannot be state actors.

In some cases, a private person may be considered a state actor if (1) the state "coerced or at least significantly encouraged" the allegedly unconstitutional action ("State compulsion test"); (2) the private party performed an act traditionally performed by a state official ("public function test"), or (3) the State was a joint participant in the act ("nexus/joint action test"). Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). A private party may also be considered a state actor if he conspired with state officials to commit the alleged constitutional violation. Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). No allegations are provided that fit either scenario. Thus, Plaintiff's complaint is insufficient to present a viable claim under § 1983 because he does not allege facts showing that Defendants are state actors.

Second, the only claim made against these Defendants is that they were negligent. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not

constitute an actionable deprivation under § 1983.  <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); <u>Daniels v. Williams</u>, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Plaintiff has not alleged more than negligence by the Defendants and, thus, the complaint is insufficient on its face.

Furthermore, within the "statement of claims" section of the complaint, Plaintiff lists criminal statutes.  ECF No. 1 at 6.  Plaintiff has not shown that any named Defendant took the mail, obstructed delivery of the mail, or claimed mail belonging to Plaintiff.  Accordingly, those claims cannot be asserted against the named Defendants.  Moreover, a private party lacks the authority to seek the criminal prosecution of another person.

For all of the reasons stated above, Plaintiff's complaint is insufficient to state a claim.  Because Plaintiff does not name persons who may be sued under § 1983, there is no apparent reason why Plaintiff should be permitted to file an amended complaint.  If Plaintiff seeks the return of his tablet or payment for its lost value, Plaintiff's avenue of relief is in state court.  He has not alleged facts which demonstrate the basis for a federal

Page 6 of 7

claim.  Therefor, this case should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2.  Plaintiff is not required to pay the filing fee for this civil rights action.

### RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on December 21, 2020.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.